UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| YVONNE M. ABHYANKAR BY KASHI BEHRSTOCK, AS AGENT, AND KASHI BEHRSTOCK,<br><br>Plaintiffs,<br><br>- against -<br><br>JPMORGAN CHASE & CO and JPMORGAN CHASE BANK, N.A.,<br><br>Defendants. | Case No. 1:18-cv-09411<br><br>**ANSWER AND AFFIRMATIVE DEFENSES** |

Defendant, JPMorgan Chase Bank, N.A.[1] ("Chase"), by its attorneys, Emmet, Marvin & Martin, LLP, asserts the following as and for its Answer to the Complaint, dated September 13, 2018 (the "Complaint"), filed by plaintiffs, Yvonne M. Abshyanar by Kashi Behrstock, as agent, and Kashi Behrstock ("Plaintiffs"), in connection with the above-referenced action.

## PARTIES

1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint.

2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint.

3. Denies the allegations contained in paragraph 3 of the Complaint, except admit that JPMorgan Chase & Co. is a financial holding company organized under the laws of the State of Delaware, with its principal office located at 270 Park Avenue, New York, New York.

4. Admit the allegations contained in paragraph 4 of the Complaint.

---

[1] JPMorgan Chase & Co. has also been named as defendant herein. However, as set forth in paragraph 3 of this Answer, JPMorgan Chase & Co. is a financial holding company. JPMorgan Chase & Co. does not own or operate retail bank branches, and bears no relationship to the matters alleged in this action.

**FACTS**

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint, except to admit that, in or about June 2017, Plaintiff Behrstock met with Lorena Mejia, a Private Client Banker employed by Chase.

10. Denies the allegations contained in paragraph 10 (a-g) of the Complaint.

11. Denies the allegations contained in paragraph 11 of the Complaint.

12. Denies the allegations contained in paragraph 12 of the Complaint.

13. Denies the allegations contained in paragraph 13 of the Complaint.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint.

15. Denies the allegations contained in paragraph 15 of the Complaint, but admits that, on April 4, 2018, Kashi Behrstock contacted Chase.

16. Denies the allegations contained in paragraph 16 of the Complaint.

17. Denies the allegations contained in paragraph 17 of the Complaint.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint.

## FIRST CAUSE OF ACTION
### (Breach of Fiduciary Duty)

19. Chase repeats and realleges its responses to each of the allegations contained in paragraphs 1 through 18 contained in the Complaint as if set forth at length herein.

20. The allegations contained in paragraph 20 of the Complaint constitute legal conclusions to which no response is required. To the extent that a response is a required, Chase denies the allegations contained in paragraph 20 of the Complaint.

21. Denies the allegations contained in paragraph 21 of the Complaint.

22. Denies the allegations contained in paragraph 22 of the Complaint.

23. Denies the allegations contained in paragraph 23 of the Complaint.

24. Denies the allegations contained in paragraph 24 of the Complaint.

25. Denies the allegations contained in paragraph 25 of the Complaint.

## SECOND CAUSE OF ACTION
### (Breach of Contract)

26. Chase repeats and realleges its responses to each of the allegations contained in paragraphs 1 through 25 contained in the Complaint as if set forth at length herein.

27. Denies the allegations contained in paragraph 27 of the Complaint.

28. Denies the allegations contained in paragraph 28 of the Complaint.

29. Denies the allegations contained in paragraph 29 of the Complaint.

30. Denies the allegations contained in paragraph 30 of the Complaint.

31. Denies the allegations contained in paragraph 31 of the Complaint.

32. Denies the allegations contained in paragraph 32 of the Complaint.

33.     Denies the allegations contained in paragraph 33 of the Complaint, except admit that, on or about May 23, 2018, $19,000.00 was credited to the Plaintiffs' Chase checking account, Account Number xxxxxxx6013.

### THIRD CAUSE OF ACTION
**(Negligence)**

34.     Chase repeats and realleges their responses to each of the allegations contained in paragraphs 1 through 33 contained in the Complaint as if set forth at length herein.

35.     The allegations contained in paragraph 35 of the Complaint constitute legal conclusions to which no response is required.  To the extent that a response is a required, Chases denies the allegations contained in paragraph 35 of the Complaint.

36.     Denies the allegations contained in paragraph 36 of the Complaint.

37.     Denies the allegations contained in paragraph 37 of the Complaint.

38.     Denies the allegations contained in paragraph 38 of the Complaint.

### FOURTH CAUSE OF ACTION
**(Liability Pursuant to 15 U.S.C. § 169h)**

39.     Chases repeats and realleges its responses to each of the allegations contained in paragraphs 1 through 38 contained in the Complaint as if set forth at length herein.

40.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of the Complaint.

41.     Denies the allegations contained in paragraph 41 of the Complaint, but admits that, on April 4, 2018, Kashi Behrstock contacted Chase.

42.     Denies the allegations contained in paragraph 42 of the Complaint.

43.     Denies the allegations contained in paragraph 43 of the Complaint.

44.     The allegations contained in paragraph 44 of the Complaint constitute legal conclusions to which no response is required.  To the extent that a response is a required, Chase respectfully refers the Court to the statute cited therein for its true content and meaning.

45.     Denies the allegations contained in paragraph 45 of the Complaint.

## AFFIRMATIVE DEFENSES

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a cause of action upon which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

No act or omission on the part of Chase was the proximate or actual cause of any alleged injuries or damages Plaintiffs allege to have suffered.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

Plaintiffs' own conduct contributed to and/or caused any harm that Plaintiffs allegedly suffered.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Plaintiffs possessed actual or apparent authority to conduct the transactions described in the Complaint.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

Chase at all times acted in good faith and in accordance with reasonable commercial standards.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the defenses of laches, waiver, ratification, estoppel, and/or unclean hands.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by reason that Plaintiffs may not recover from Chase for alleged wrongful acts of others.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

To the extent that Plaintiffs have already received compensation for the alleged damages, if any, the amount of any such compensation should be set off against any recovery Plaintiff may receive in this action.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

Plaintiff has failed to name or join an indispensable party or parties to the present action.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claim for relief under 15 U.S.C. 1693 et seq. (the "Electronic Fund Transfer Act") is barred to the extent that such claim pertains to alleged wire transfers on the grounds that the Electronic Fund Transfer Act specifically does not apply to "[a]ny transfer of funds for a consumer within a system that is used primarily to transfer funds between financial institutions or businesses, *e.g.,* Fedwire or other similar network." 12 C.F.R. § 205.3(c).

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the parol evidence rule.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by contract.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of merger.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

Defendants reserve the right to assert any and all additional affirmative defenses that may become evident during discovery and during any other proceeding in this action.

Dated: New York, New York
October 22, 2018

**EMMET, MARVIN & MARTIN, LLP**

By:   /s/ Tyler J. Kandel
Tyler J. Kandel
Lauren C. Watson
120 Broadway, 32nd Floor
New York, New York 10271
(212) 238-3000
*Attorneys for Defendant*
*JPMorgan Chase Bank, N.A.*