

## EMMET, MARVIN & MARTIN, LLP
### COUNSELLORS AT LAW

120 Broadway
New York, New York 10271
212-238-3000

**www.emmetmarvin.com**

Lauren C. Watson
*Associate*
Tel: 212-238-3126
Fax: 212-238-3100
lwatson@emmetmarvin.com

January 18, 2019

<u>Via ECF and Fax</u>
Honorable P. Kevin Castel
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007-1312
Facsimile: (212) 805-7949

   Re: *Yvonne M. Abhyankar, et al. v. JPMorgan Chase & Co., et al.*
      Case No. 1:18-cv-09411-PKC

Dear Judge Castel:

  We represent defendants, JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A. (collectively, "Defendants") in the above-referenced action (the "Action"). The next conference with the Court in this Action is scheduled for May 3, 2019.

  Pursuant to Your Honor's Individual Rules, we respectfully submit this pre-motion letter in anticipation of Defendants' motion to dismiss JPMorgan Chase & Co. from the Action, pursuant to Federal Rule of Civil Procedure 21 ("Rule 21"), for misjoinder. Additionally, Defendants write to respectfully request a pre-motion conference with the Court to potentially obviate the need for unnecessary motion practice.

### I. <u>Background</u>

  On September 13, 2018, Plaintiffs filed a complaint (the "Complaint") alleging that Yvonne M. Abhyankar ("Plaintiff Abhyankar") and Kashi Behrstock ("Plaintiff Behrstock" and, collectively with Plaintiff Abhyankar, "Plaintiffs") maintain joint bank accounts (the "Accounts") at "Chase," (defined in the Complaint as JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A. collectively). A copy of the Complaint is annexed hereto as Exhibit "A." Plaintiffs further allege that Plaintiff Abhyankar was induced by an alleged fraudster into making several large transfers of money out of the Plaintiffs' Accounts, for the benefit of the alleged fraudster. (Complaint at ¶¶ 13-14, 18). Plaintiffs

EMMET, MARVIN & MARTIN, LLP
Hon. P. Kevin Castel
January 18, 2019
Page 2

allege that Defendants are responsible for the transfers under theories of breach of fiduciary duty, breach of contract, negligence and liability pursuant to 15 U.S.C. § 1693h.

At the outset of the litigation, and again at the Initial Conference with the Court on December 13, 2018, we informed Plaintiffs' counsel, Mr. Reiter, that the sole proper party that should have been named as defendant in the Action is JPMorgan Chase Bank, N.A., which is a national banking association that owns and operates retail bank branches and is the entity which maintains the Accounts. We further informed Mr. Reiter that, although JPMorgan Chase & Co. is the parent of JPMorgan Chase Bank, N.A., JPMorgan Chase & Co. is a bank holding company that has no relationship to the allegations set forth in the Complaint.

At the Initial Conference, Your Honor directed Defendants to provide Mr. Reiter with authority in which JPMorgan Chase & Co. was dismissed from cases under similar circumstances. Pursuant to Your Honor's direction, on December 14, 2018, I emailed Plaintiffs' counsel two decisions and a copy of a recent Court order in which the courts held that JPMorgan Chase & Co. was an improper defendant where allegations were asserted relating to the operations of JPMorgan Chase & Co.'s subsidiaries. Despite being provided with unequivocal authority reflecting that JPMorgan Chase & Co. is an improper defendant, Mr. Reiter has advised us that his clients refuse to discontinue the Action against JPMorgan Chase & Co. Copies of the relevant correspondence with Mr. Reiter is collectively annexed hereto for the Court's convenience as Exhibit "B."

## II.     **Standard of Law**

Pursuant to Rule 21, "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." *See* Fed. R. Civ. P. 21. "Rule 21 allows a court to delete parties from an action that have no connection to the claims asserted, and is a remedy to be used when there is clearly no right or basis of relief from a party." *Cohn v. KeySpan Corp.,* 713 F.Supp.2d 143, 152 (E.D.N.Y 2010) (internal quotations and citations omitted). *See also Barrundia v. City of New York*, 84 Civ. 6801, 1988 WL 96063, at *4 (S.D.N.Y. Sept. 8, 1988). The Court has "broad discretion" in ruling on a motion brought under Rule 21. *Glendora v. Malone,* 917 F.Supp. 224, 227 (S.D.N.Y. 1996).

JPMorgan Chase & Co. has no connection to the claims asserted in the Complaint and Plaintiffs have no basis for relief from JPMorgan Chase & Co.. In that regard, as we have advised Plaintiffs' counsel on several occasions, JPMorgan Chase & Co. is a holding company that does not own or operate retail banking branches. Moreover, none of the allegations in the Complaint allege any wrongdoing or any action on the part of the JPMorgan Chase & Co.. Indeed, the Complaint fails to make a single allegation against

EMMET, MARVIN & MARTIN, LLP
Hon. P. Kevin Castel
January 18, 2019
Page 3

JPMorgan Chase & Co.. As an independent corporate entity, JPMorgan Chase & Co. is not liable for the actions of its subsidiary, JPMorgan Chase Bank N.A..

Most importantly, as demonstrated in the excerpt below from the applicable Deposit Account Agreement that governs the Accounts, the parties' contractual relationship is solely between Plaintiffs and JPMorgan Chase Bank, N.A.:

> **Deposit Account Agreement**
>
> This agreement is the contract that governs your account.
>
> Whether you have a personal or business deposit account, this document is the basic agreement between you and us (JPMorgan Chase Bank, N.A. or "Chase"). By signing a signature card or submitting an account application, or by using any of our deposit account services, you and anyone else identified as an owner of the account agree to the terms in this agreement. Customers of some of our business groups, such as Corporate Banking, will get a different agreement and their accounts will be governed by that agreement, not this one. If you have a product that is not a deposit account, such as a prepaid card or credit card, this agreement does not apply to that product. Also, other products or services, such as online banking or retirement accounts, may have additional agreements. A more specific agreement takes precedence over this one.
>
> This agreement also refers to and includes other disclosures we may provide to you, including (1) product information, (2) rate information, (3) banking services and fees, and (4) other disclosures, agreements, and amendments that we may provide to you. All may contain information on fees that apply to your accounts.

Since Plaintiffs have failed to, and cannot, set forth any facts suggesting that JPMorgan Chase & Co. participated in the alleged unlawful conduct, or has any relationship whatsoever to the allegations set forth in the Complaint, JPMorgan Chase & Co. should be dismissed from the Action pursuant to Rule 21. *See In re Aluminum Warehousing Antitrust Litig.*, 2015 WL 1344429 (S.D.N.Y. Mar. 23, 2015) (dismissing JPMorgan Chase & Co. from the action where claims against it were based solely on the company's corporate proximity to its operating subsidiary, and stating that "[t]he fact that two separate legal entities may have a corporate affiliation does not alter . . . pleading requirement[s]"); *D. Carlyle Intern. LLC v. J.P. Morgan Chase & Co.*, 2011 WL 167049 (S.D.N.Y. 2011) (dismissing JPMorgan Chase & Co. from action and denying the plaintiffs' motion to amend complaint to add the correct defendant on grounds that the plaintiffs had ample notice that JPMorgan Chase & Co., a mere "holding company which does not engage in the business of being a creditor," was not the proper defendant to the action, yet the plaintiffs failed to correct the error); *Glendora v. Malone,* 97 F.Supp 224 (S.D.N.Y. 1999) (dismissing parent holding company pursuant to Rule 21 and allowing claims to proceed against subsidiary where it appeared that the parent corporation had no connection to the events that gave rise to the plaintiff's claims).

EMMET, MARVIN & MARTIN, LLP
Hon. P. Kevin Castel
January 18, 2019
Page 4

      Accordingly, Defendants respectfully request that the Court schedule a conference to address Defendants' prospective motion to dismiss JPMorgan Chase & Co. from the Action, pursuant to Rule 21.

### III.  Proposed Briefing Schedule

      However, should the Court determine that it does not wish to hold a pre-motion conference, Defendants respectfully propose the following briefing schedule:

      Defendants' motion to dismiss shall be filed on or before February 20, 2019;

      Plaintiffs opposition papers shall be filed on or before February 28, 2019; and

      Defendants' reply papers shall be filed or before March 6, 2019.

      Please do not hesitate to contact the undersigned should the Court have any questions.

Respectfully Submitted,

Lauren C. Watson

Cc:  Daniel Reiter, Esq. (by ECF and email)