UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
YVONNE M. ABHYANKAR, by Kashi
Behrstock, as Agent, and KASHI BEHRSTOCK,

        Plaintiffs,        18-cv-9411 (PKC)

  -against-            ORDER

JPMORGAN CHASE & CO. and JPMORGAN
CHASE BANK, N.A.,

        Defendants.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

   This Order addresses certain issues related to federal subject matter jurisdiction that the Court first raised in Order to Show Cause of April 8, 2019.  For the reasons that will be explained, the Court concludes that there is federal subject matter jurisdiction over this case.

   Separately, defendants' motion to dismiss all claims against JPMorgan Chase & Co. ("JPMorgan Co.") pursuant to Rule 21, Fed. R. Civ. P., will be granted.

<u>The Court Had Federal Question Jurisdiction at the Time of Removal.</u>

   Defendants removed this action from the New York Supreme Court, New York County, on the basis of diversity jurisdiction.  (Docket # 1.)  However, the Complaint alleges that both plaintiffs are New York citizens and that JPMorgan Co. maintains its principal place of business in New York.  (Compl't ¶¶ 1-3.)  Based on the Court's review of the pleadings, the Notice of Removal and the submissions filed in response to the Order to Show Cause, defendants have failed to demonstrate diversity of citizenship, either at the time that the action was commenced or the time of removal.

However, because the Complaint brought a claim under the Electronic Funds Transfer Act, 15 U.S.C. § 1693h, the Court had federal question jurisdiction at the time of removal. The Court is therefore satisfied that there is subject matter jurisdiction under 28 U.S.C. § 1331. See, e.g., Broder v. Cablevision Sys. Corp., 418 F.3d 187, 194 (2d Cir. 2005) ("A single claim over which federal-question jurisdiction exists is sufficient to allow removal.").

Defendants' Rule 21 Motion Is Granted.

Defendants have moved to dismiss the JPMorgan Co. pursuant to Rule 21, Fed. R. Civ. P. (Docket # 24.) Rule 21 permits a district court to dismiss a non-diverse party "at any time to preserve diversity jurisdiction, provided the nondiverse party is not 'indispensable' under Rule 19(b)." CP Sols. PTE, Ltd. v. Gen. Elec. Co., 553 F.3d 156, 159 (2d Cir. 2009); see also Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 832 (1989) ("it is well settled that Rule 21 invests district courts with authority to allow a dispensable nondiverse party to be dropped at any time, even after judgment has been rendered.").

District courts have "broad discretion" to dismiss a party under Rule 21. City of Syracuse v. Onondaga Cnty., 464 F.3d 297, 308 (2d Cir. 2006). For the reasons explained by Judge Schofield, however, extra caution is warranted when a removing party attempts to use Rule 21 as a vehicle to secure diversity jurisdiction:

> While Rule 21 is routinely employed in cases that began in federal court, the federal courts have frowned on using the Rule 21 severance vehicle to conjure removal jurisdiction that would otherwise be absent. Judicial reluctance to employ Rule 21 in the removal context stems from the concern that application of Rule 21 would circumvent the strict constraints of the removal statute and unduly expand diversity jurisdiction. E.g., Phillips v. R.R. Dawson Bridge Co., LLC, No. 2:14-cv-00480-LSC, 2014 WL 3970176, at *5 (N.D. Ala. Aug. 12, 2014) ("If a defendant could sever non-diverse defendants in order to establish removal jurisdiction, many defendants would likely attempt to seek this post-removal action by the courts in order to avoid meeting the burdens associated with

>  fraudulent joinder. Such a broad right would be inconsistent with the strict construction of the removal statute and the presumption in favor of remand.").

Sons of the Revolution in New York, Inc. v. Travelers Indem. Co. of Am., 2014 WL 7004033, at *2 (S.D.N.Y. Dec. 11, 2014) (quotation marks, citation and alteration omitted).

Defendants assert that dismissal is appropriate because JPMorgan Co. is a bank holding company with no connection to plaintiffs or their claims, and that the allegations relate solely to defendant JPMorgan Chase Bank, N.A. ("JPMorgan Bank"). Defendants assert that JPMorgan Co. is not properly a party to this action based on its status as the parent of JPMorgan Bank.

In opposition, plaintiffs do not point to facts or allegations tending to show that JPMorgan Co. is an indispensable party. Plaintiffs acknowledge that it is "not clear" whether they have ever interacted with JPMorgan Co., and note that they corresponded with an entity identified only as "Chase." (Opp. Mem. at 3.) They urge that discovery is needed in order to determine whether JPMorgan Co. is a proper defendant. (Opp. Mem. at 4-8.) But this argument effectively acknowledges that the plaintiffs lack a factual basis to proceed with any claim against JPMorgan Co., and does not demonstrate that JPMorgan Co. is a necessary party.

Separate from defendants' Rule 21 motion, the Court also concludes that the allegations against JPMorgan Co. do not satisfy the notice-pleading requirements of Rule 8, Fed. R. Civ. P. The Complaint refers only to "Chase" or "Defendants" collectively, and does not identify conduct or responsibilities specific to JPMorgan Co. These generalized allegations do not attribute misconduct or allege liability as to JPMorgan Co. See, e.g., Saphirstein v. Mauzone Mania LLC, 2017 WL 3278893, at *3 (E.D.N.Y. July 31, 2017) ("A complaint is inadequate to state a claim where it does not allege a single fact connecting a defendant to the alleged

misconduct, but rather asserts only conclusions about 'defendants.'") (quotation marks and alterations omitted) (Korman, J.).

Because plaintiffs' allegations against JPMorgan Co. do not satisfy Rule 8, and because plaintiffs have not pointed to allegations or evidence that, if credited, support the conclusion that JPMorgan Co. is an indispensable' party, the defendants' motion to dismiss JPMorgan Co. is granted.

CONCLUSION.

Defendants' motion is GRANTED. All claims against JPMorgan Chase & Co. are dismissed. The Clerk is directed to terminate the motion. (Docket # 24.)

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
November 19, 2019